# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES KESSLER, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| v. | } | Case No.: 2:03-CV-1164-RDP |
| | } | |
| **THE CITY OF HOOVER, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This case is before the court on two motions filed by Plaintiffs' counsel, Gusty Yearout ("Yearout") and Jack H. Harrison ("Harrison"): (1) a Motion to Intervene (Doc. #49); and (2) a Motion to Withdraw (Doc. #52).

The motion to intervene asks the court to permit Yearout and Harrison to intervene as parties in this action in order to enforce an attorneys' lien under Alabama Code § 34-3-61. The parties have briefed the issue and disagree about whether § 34-3-61 applies.[1]

The court has reviewed the parties' submissions and believes that these motions can be decided based upon a simple review of the Contract for Employment entered into by Plaintiffs and Jack H. Harrison.[2] Paragraph 4 of that contract states as follows:

---

[1] Although for the reasons stated below it need not decide the issue, the court has serious questions about whether the movants can assert an attorney's lien in a case such as this where the movants have no "money of their clients in their possession," (*see* Ala. Code § 34-3-61(a)), and where there are no settlement proceeds and no "judgment[] for money." *Id.* at 34-3-61(b). The court agrees with the Kesslers that § 34-3-61(c) has no application here.

[2] The contract was included in the parties' submissions to the court. (Doc. #51, Ex. 1).

> In the event that the case is settled on the basis of a re-annexation, zoning concessions or any similar concessions to the Plaintiffs involving the subject property or any of the Plaintiff's [*sic*] other property, the parties agree to negotiate a reasonable attorney's fee in good faith. In the event that they are unable to agree, they agree to submit the matter to arbitration before an arbitrator agreed to by both parties. In the event the parties cannot agree on the selection of an arbitrator, they agree that the Presiding Judge of Jefferson County shall appoint the arbitrator. This agreement shall apply in the event of a settlement of the matter at any stage of the proceedings.

(Doc. #51, Ex. 1). It is undisputed that this case has been settled on the basis of an agreement that Plaintiffs' property will be re-annexed by the City of Hoover. Under these circumstances, the parties previously agreed that they would in good faith negotiate a reasonable attorney's fee. In the event that they are unable to accomplish that task, the parties have agreed to submit this matter to arbitration before an arbitrator to be agreed upon by both parties.[3]

Here, the lien asserted by Harrison and Yearout is no greater than their contractual rights to an attorney's fee. The parties to the Contract for Employment (i.e., the Kesslers and Harrison) previously negotiated a specific procedure to resolve any controversies about attorney's fees. The parties have not followed that procedure, but nonetheless, this court will hold them to their bargain. If the parties cannot agree on an attorney's fee, it is for an arbitrator, and not this court, to resolve the fee dispute.

Accordingly, the court will enter a separate order denying the Motion to Intervene and granting the Motion to Withdraw. The parties **SHALL** submit their final paperwork regarding the dismissal of this case within the time frame previously ordered by the court.

---

[3] In the event the parties cannot agree on the selection of an arbitrator, they have agreed that Judge Scott Vowell, the Presiding Judge of the Jefferson County Circuit Court, shall appoint the arbitrator.

**DONE** and **ORDERED** this ____26th____ day of August, 2005.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE